IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JULIE MCBRIDE, As Next Friend for J.M., a Minor Child,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, and JEVON MCBRIDE,<br><br>Defendants. | Civil Action No.: 4:22-cv-639<br><br>**NOTICE OF REMOVAL**<br><br>State Court Case No. 22JO-CC00207 (Circuit Court of Johnson County, Missouri) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant General Motors LLC ("GM LLC") hereby removes the above-captioned case to the United States District Court for the Western District of Missouri, Western Division. The grounds for removal are as follows:

## THIS COURT HAS REMOVAL JURISDICTION

1. Plaintiff Julie McBride, As Next Friend for J.M., a Minor Child ("Plaintiff"), commenced this litigation against Defendants GM LLC and Jevon McBride ("Mr. McBride") in the Circuit Court of Johnson County, Missouri, Cause No. 22JO-CC00207. *See* Exhibit A – First Amended Petition for Damages ("Petition").

2. Federal law permits defendants sued in state court to remove a "civil action … of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3. Because Johnson County, Missouri is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under

28 U.S.C. § 1441(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 105(b)(1) and 1441(a) because the United States District Court for the Western District of Missouri, Western Division, is the federal judicial district and division that covers the Circuit Court of Johnson County, Missouri, where this action was originally filed.

## THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

4. Federal law defines this Court's "original jurisdiction" to include actions where (1) there is complete diversity between plaintiffs and defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

5. There is complete diversity between Plaintiff and GM LLC, and as explained below, Mr. McBride has been improperly (fraudulently) joined.

6. At the time of filing of the lawsuit, Plaintiff's minor child was a resident of Johnson County, Missouri. *See* Ex. A, Petition at ¶ 1. Accordingly, Plaintiff is a citizen of Missouri for diversity purposes.

7. Defendant GM LLC was, at the time of filing of the lawsuit, and still is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. Accordingly, for purposes of the Court's diversity jurisdiction, GM LLC's citizenship is that of each of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The only member of GM LLC is General Motors Holdings LLC. General Motors Holdings LLC, also a Delaware limited liability company with its principal place of business in Michigan, owns 100% of GM LLC. The only member of General Motors Holdings LLC is General Motors Company. General Motors Company, a Delaware corporation with its principal place of business in Michigan, owns 100% of General Motors Holdings LLC.

8. Upon information and belief, Mr. McBride is an individual who resided in Warrensburg, Johnson County, Missouri at the time of the subject crash, and currently resides in Jackson County, Missouri. *See* Ex. A, Petition at ¶ 4. In determining whether diversity exists, the Court disregards the nominal parties and rests jurisdiction upon the citizenship of the real parties in interest. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *see also Moss v. Def. Servs.*, No. 1:08-CV-88 CAS, 2009 U.S. Dist. LEXIS 2337, at *3 (E.D. Mo. Jan. 14, 2009) ("When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined.") (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)). Here, because Mr. McBride was fraudulently joined and is not a necessary and indispensable party, his citizenship is disregarded in evaluating federal diversity jurisdiction. Thus, there is complete diversity.

## **PLAINTIFF'S JOINDER OF MR. MCBRIDE IS FRAUDULENT**

9. In the Petition, Plaintiff alleges that "[o]n or about October 7, 2016, Jevon McBride was the owner and operator of a 2015 Chevrolet Impala, occupied by his lawful wife, Julie McBride, and their unborn biological child, [J.M.]," traveling in Warrensburg, Missouri, when Mr. McBride "collided head on with a 2008 Dodge Charger." *See* Ex. A, Petition at ¶¶ 7-8. Jesse Wooten ("Mr. Wooten") of Warrensburg, Missouri was the driver of the 2008 Dodge Charger. *See* Exhibit B, Missouri Uniform Crash Report Regarding the Subject Collision, p. 3. Mr. Wooten stated to police that "he fell asleep behind the wheel and woke up to headlights. The vehicles then crashed into each other." *Id.*, p. 5.

10. Plaintiff asserts automotive product liability claims against GM LLC arising from the subject collision. *See* Ex. A, Petition at ¶¶ 16-30. Plaintiff brings a negligence claim against Mr. McBride, alleging that he: (a) "operated his vehicle in a negligent manner without due

3

caution and without the exercise of the highest degree of care"; (b) "operated his vehicle in a negligent manner without due caution and without the exercise of the highest degree of care by being inattentive to traffic conditions"; (c) "failed to keep a proper lookout on the roadway for other vehicles"; and (d) "knew or by the use of the highest degree of care should have known that there was a reasonable likelihood of collision in time thereafter to be stopped or swerved or slackened the speed of his vehicle but failed to do so[.]" *Id*. at ¶ 32.

11. Joinder is fraudulent "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "[A]lthough [the] determination of the propriety of removal ordinarily depends only upon the plaintiff's pleadings, in the case of fraudulent joinder, the court may go somewhat further [and the] defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Knapp v. Schaeffler Grp. USA Inc.*, No. 3:21-cv-05035-MDH, 2021 U.S. Dist. LEXIS 112984, at *4 (W.D. Mo. June 16, 2021) (internal quotation marks omitted); *Ridings v. Maurice*, No. 15-00020-CV-W-JTM, 2015 U.S. Dist. LEXIS 41068, at *6-7 (W.D. Mo. Mar. 31, 2015) (when fraudulent joinder is an issue, the court will go somewhat further and permit the defendant seeking removal to present the facts showing joinder to be fraudulent). "[T]his Court and the Eighth Circuit have made clear that when a defendant supports removal with affidavits or other evidence, a plaintiff may not rely on the pleadings alone to support remand." *Knapp*, *supra*, at *7. Further, a failure to plead a factual basis for a necessary element of a cause of action against a non-diverse defendant may prove fraudulent joinder. *Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc.*, 157 F. Supp. 2d 1018, 1034-38 (N.D. Iowa 2001).

4

12. Plaintiff's joinder of Mr. McBride is fraudulent and removal is proper because the negligence claim against Mr. McBride is frivolous, illegitimate, and advanced solely to prevent removal. In fact, Plaintiff and Mr. McBride have previously litigated an automobile negligence action against Mr. Wooten concerning the subject collision. *See* Exhibit C, Missouri Court Docket of *Jevon McBride, Julia McBride, and [J.M.], a Minor v. Jesse Wooten*, No. 17JO-CC00073. According to the publicly available court docket, Plaintiff and Mr. McBride were represented by the same counsel currently representing Plaintiff and they obtained a settlement against Mr. Wooten on or about February 3, 2020. *Id.*, pp. 2-3. As shown by the docket, Plaintiff and Mr. McBride, represented by the same counsel who filed the instant action, fully litigated an action against the at-fault driver ("Mr. Wooten"). Yet Plaintiff is now suing GM LLC and Mr. McBride, who is Plaintiff's husband and former co-plaintiff, for damages arising out of the subject collision. This litigation tactic is plainly improper and designed solely to prevent removal. *See, e.g.*, *Straub v. Kean*, 207 F. Supp. 420, 422 (D.S.C. 1962) (finding fraudulent joinder of the plaintiff's husband in motor vehicle negligence action where the plaintiff's counsel previously brought an action for damages on behalf of the husband arising from the same crash).

13. A similar situation arose in *Straub*, where counsel brought an action for a husband against the driver of another vehicle involved in a crash to recover damages allegedly caused by that other driver. *Id.* at 421. Subsequently, the same counsel brought an action for the husband's wife against the husband and other driver, alleging that the wife's injuries were caused by the combined negligence of the husband and other driver. *Id.* The other driver removed on the ground of fraudulent joinder of the wife's husband as a defendant. *Id.* The court held that "[r]egardless of whether or not the complaint technically states a joint cause of action," joinder

5

of the husband was "not in good faith and constitutes a fraudulent joinder to defeat federal jurisdiction. *Counsel cannot bring an action for damages for one party and then in good faith sue him and another party for damages in another action arising out of the same accident*." *Id.* at 422 (emphasis added). Such is the case here – Plaintiff's counsel cannot bring an action for damages for Mr. McBride against Mr. Wooten and then in good faith sue Mr. McBride and GM LLC for damages arising out of the subject collision.

14. There is no advantage to Plaintiff in obtaining a judgment against her own husband given that any potential satisfaction of such judgment directly impacts Mr. and Mrs. McBride's own household income. To illustrate, in *Smalls v. Great Am. Lines, Inc.*, No. 2:11-CV-1213-DCN, 2011 U.S. Dist. LEXIS 88615, at *6 (D.S.C. Aug. 9, 2011), the plaintiff initially sued in state court alleging negligence and gross negligence against multiple defendants for injuries sustained at work in his capacity as an independent contractor. The defendants removed the case to federal court alleging fraudulent joinder of the non-diverse limited liability company that employed the plaintiff, which was owned by the plaintiff's wife. *Id.* at *3. The court determined that the plaintiff was not actually seeking a joint judgment against the non-diverse entity that was owned by his wife and was operated out of his own home because the plaintiff would have to threaten the family's livelihood (i.e., the family's household income) in order to obtain a joint judgment. *See id.* at *6-7. The court explained that these facts tended to show that the non-diverse entity was a "sham" defendant. *Id.* at *7. The court also noted that there were no specific factual allegations in the complaint setting forth negligence or gross negligence against the non-diverse entity. *Id.* at *6-7.

15. Here, as in *Smalls*, Mr. McBride is a mere sham defendant as evidenced by the fact that collecting a judgment against Mr. McBride would adversely impact the McBride

family's household income. Further, the Petition sets forth no specific allegations of fact supporting a claim of negligence against Mr. McBride; it merely alleges vague and conclusory charges of breaching the "highest degree of care." *See* Ex. A, Petition at ¶ 32. By contrast, there are two definite counts of product liability failure to warn claims against GM LLC – the only real defendant from whom Plaintiff seeks to recover damages. Indeed, while GM LLC disputes the allegations, the "Allegations Common to All Counts" in the Petition assert facts directed at the claims against GM LLC. For example, the Petition alleges GM LLC provided instructions for usage of the lap-shoulder safety belt in the vehicle's information guide, and that Plaintiff's usage of the seat belt as instructed resulted in injuries. *See* Ex. A, Petition at ¶¶ 12-15. The same cannot be said for the claim against Mr. McBride. None of the allegations provide a factual basis for the negligence claim—they merely assert that Mr. McBride owned and operated the vehicle that collided head on with another vehicle. It is clear that joinder of Mr. McBride is mere "procedural gamesmanship" designed to defeat federal court jurisdiction. *Prather v. Kindred Hosp.*, No. 14-0828-CV-W-FJG, 2014 U.S. Dist. LEXIS 173855, at *9 (W.D. Mo. Dec. 17, 2014). Plaintiff cannot in good faith litigate a claim against her husband Mr. McBride in this action.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

16. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case in which federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2)

7

Case 4:22-cv-00639-BCW   Document 1   Filed 10/07/22   Page 7 of 11

("[T]he notice of removal may assert the amount in controversy."). While GM LLC denies that Plaintiff is entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiff in the Complaint that "the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. For example, Plaintiff alleges in the Petition that "as a direct result of the injuries suffered by use of the lap-shoulder belt as directed by GM, [J.M.] has suffered both physical and emotional pain and suffering; and will be forced to continue to endure pain and suffering for the rest of her life." *See* Ex. A, Petition at ¶ 15. Plaintiff further alleges that "[J.M.] has sustained massive body trauma, brain injuries, and has suffered and will continue to suffer both physically and emotionally, has incurred and will continue to incur significant medical bills, and will incur future economic damages." *Id.* at ¶ 34. Plaintiff's allegations, including, but not limited to, the foregoing, make plain that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

17. Diversity jurisdiction exists under 28 U.S.C. § 1332 and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a) because (1) there is complete diversity between Plaintiff and GM LLC; (2) Mr. McBride was improperly (fraudulently) joined; and (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## THIS NOTICE OF REMOVAL IS TIMELY

18. Each defendant must remove litigation to federal court within 30 days from the date on which it was served with process. 28 U.S.C. § 1446(b).

19. GM LLC was served with the Petition on September 7, 2022, through its registered agent in St. Louis County, Missouri. *See* Exhibit D, Notice of Service of Process

Dated September 7, 2022. Thus, this Notice of Removal is timely. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999).

20. Because Mr. McBride was fraudulently joined, his consent is not needed for removal. *Bean v. Warner-Lambert Co.*, No. 9900594-CV-W-2, 2000 U.S. Dist. LEXIS 20411, *11-12 (W.D. Mo. January 26, 2000) (Consent of co-defendants is not required when the removing defendant asserts fraudulent joinder.) (collecting cases); *PW Shoe Lofts, LP v. State Auto Prop. & Cas. Ins. Co.*, No. 4:10CV02241-AGF, 2011 U.S. Dist. LEXIS 61164, at *12 (E.D. Mo. June 7, 2011) ("[T]he consent of fraudulently joined parties is not required.") (citing *K.L. v. State Farm Mut. Auto. Ins. Co.*, No. 4:05cv1950-TCM, 2006 U.S. Dist. LEXIS 574, at *6 (E.D. Mo. Jan. 10, 2006)).

## THIS NOTICE OF REMOVAL IS PROPER

21. In accordance with 28 U.S.C. § 1446(b), attached as Exhibit A is a copy of "all process, pleadings, and orders served upon" GM LLC in this litigation.

22. Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that promptly after the filing of this Notice of Removal in this Court, a Notice of Removal will be filed in the Circuit Court of Johnson County, Missouri and will be served on all parties.

23. If any question arises as to the propriety of the removal of this action, GM LLC requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, Defendant GM LLC gives notice that the above-captioned litigation has been removed from the Circuit Court of Johnson County, Missouri to the United States District Court for the Western District of Missouri.

9

Date: October 7, 2022

                                                Respectfully submitted,

By: /s/ *Grace Colato Martinez*
    Stephen G. Strauss, MO #45018
    BRYAN CAVE LEIGHTON PAISNER LLP
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, MO 63102
    (314) 259-2000
    sgstrauss@bclplaw.com

    Grace Colato Martinez, MO #70921
    BRYAN CAVE LEIGHTON PAISNER LLP
    One Kansas City Place
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200
    grace.colato@bclplaw.com

    AND

    Michael P. Cooney (Pending *Pro Hac Vice*)
    Jonathan Kama (Pending *Pro Hac Vice*)
    DYKEMA GOSSET PLLC
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, Michigan 48304
    (248) 203-0515
    mcooney@dykema.com
    jkama@dykema.com

    *Attorneys for Defendant General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, my office served copies of the foregoing Notice of Removal and all Exhibits thereto upon the following by first-class United States mail, postage prepaid:

Jevon McBride
211 NW Carson Dr.
Lee's Summit, MO 64081

*Defendant*

THE A.W. SMITH LAW FIRM, P.C.
Aaron W. Smith, MO Bar #54137
Kelly Wallis, MO Bar #60189
2100 W. Broadway
Columbia, Missouri 65203
T: 573-777-3333
F: 573-443-7301
aw@awsmithlaw.com
kelly@awsmithlaw.com

*Attorneys for Plaintiff*

                                                  /s/ *Grace Colato Martinez*
                                                  Attorney for Defendant General Motors LLC

11

Case 4:22-cv-00639-BCW   Document 1   Filed 10/07/22   Page 11 of 11